UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| vs. | Case no. 3:23-cr-00111 |
| STEVEN RAWLINS | |

## MOTION TO TERMINATE SUPERVISED RELEASE

Defendant Steven Rawlins moves the Court for early termination of his supervised release as he has completed two years of his three-year term of supervised release and has complied with all conditions of release (other than a slight issue relating to the establishing of a restitution payment scheduled, which was resolved last year), has a stable living environment, and maintains employment. He moves to Court to terminate his supervised release so that he can engage more fully with society, and so that he may pursue more fruitful employment opportunities including developing his consulting in a way that will require him to travel regularly.

The Probation Office is not opposed to this request. Counsel has reached out to the government about this request and has received no response.

In support of his request Mr. Rawlins would show the following:

I.  **Case Background.**

Mr. Rawlins was originally indicted on July 16, 2015 in the Southern District

of New York on one count of wire fraud. [Doc. 2-1 – Indictment included with transfer documents]. Mr. Rawlins went to trial in November 2015 and was found guilty of Count One on November 16, 2015. [Doc. 2-2, summarizing the case history]. On January 21, 2016 Mr. Rawlins was sentenced and ordered to pay $12,203,209.70. [Doc. 2-3, Restitution Order; Doc. 2-4, Judgment]. A forfeiture order was entered concerning a substantial amount of personal property, which also left open a money judgment in the amount of $10,110,577.09. [Doc. 2-2]. He was sentenced to 108 months in prison and three years supervised release as well. [Doc. 2-4].

After serving his prison sentence, Mr. Rawlins, who is originally from Tennessee, returned home. He has been on supervised release since May 2, 2023. Unfortunately, when setting this substantial amount of restitution, the sentencing Court did not set a payment amount during Mr. Rawlins term of supervised release. This caused some confusion between Mr. Rawlins and his initial probation officer, resulting in a violation petition being issued on December 6, 2023 relating the amount of restitution payments Mr. Rawlins had paid. [Doc. 4]. At the time, Mr. Rawlins was struggling to get back on his feet in terms of employment, as the conviction and prison sentence had dramatically changed his professional options.

After a hearing on May 20, 2024, this Court ordered Mr. Rawlins to pay $250 per month (or 10% of his expendable income), whichever was higher. [Doc. 22]. Mr. Rawlins has been compliant with these payment requirements since the entry of that order. He continues to be compliant with all other requirements as well. He has been working to build up a consulting business, although additional travel abilities and

2

opportunities would make it easier for him to obtain more business (which in turn would increase his available restitution). The Southern District of New York has also reached out about directly garnishing is wages, indicating that they no longer want him to make payments through the probation office.

Given this history and circumstances, Mr. Rawlins is an appropriate candidate for termination.

## II. Basis for Termination.

The Court may terminate Defendant's supervised release under 18 U.S.C. §§ 3583(e)(1) after one year if warranted by Defendant's conduct and in the interests of justice. *See United States v. Suber*, 75 Fed.Appx 442, 444 (6th Cir. 1999). In determining whether modification of a supervised release sentence is appropriate, the Court considers factors set forth in 18 U.S.C. § 3553(a). These factors include "the nature and circumstances of the offense and history and characteristics of the defendant"; the need "to afford adequate deterrence to criminal conduct"; the need "to protect the public from further crimes of the defendant"; the need "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"; the kinds of sentence and sentencing range established by the United States Sentencing Commission ("USSC") for the applicable category of offense committee by the defendant; any pertinent policy statement issued by the USSC; the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and "the need to provide restitution to any victims of the offense."

*Id.*

Mr. Rawlins served nearly nine years in prison on this non-violent offense before his release. He is 68 years old and has lost much of his employment (and business growth) opportunities are limited. He provides care for his wife, who has a variety of health issues, which puts further strain on his ability to work and function as he ages. The multi-million dollar restitution looms large over his life.

Over the last year Mr. Rawlins has tried to build up a consulting business based on his prior experience (although banking and healthcare work options are limited given his conviction). Many of his customer relationships and work can be done virtually but often travel is required for face-to-face meetings. He may need to make a personal connection or make an on-site visit to understand the business he is helping. One example was consulting on a morgue inventory project – something that simply could not be accomplished remotely. Manufacturing processes also must be reviewed in person. He has missed several potentially business opportunities due to the delays required in requesting travel accommodations through probation. Every small bit of business is significant for someone in Mr. Rawlins situation.

Mr. Rawlins has complied with all requirements of supervised release, despite the small hiccup in setting restitution. He has kept in good contact with his probation officer and there have been no issues. Other than the hiccup in setting his restitution (which will follow him for the rest of his life), he has done everything as required.

### III. Conclusion.

Mr. Rawlins has demonstrated through his conduct that he is a suitable

candidate for early termination of his supervised release. The interests of justice weigh in favor of granting this request as Mr. Rawlins has shown his commitment to rehabilitation and self-improvement. He accordingly moves the Court to grant this request.

Respectfully submitted,

*/s/Joshua Brand*
Joshua L. Brand  #027990
BRAND LAW OFFICE
211 Union St., STE 200
Nashville, Tennessee 37201
(615) 669-2210
josh@brandlawoffice.com

*Attorney for Defendant Steven Rawlins*

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing has been filed with the clerk of the court by using the CM/ECF which will furnish a copy to Carrie Daughtery, Assistant U.S. Attorney, on this the 30th day of May, 2025.

*s/Joshua Brand*
Joshua Brand